### In re THE LANDING, Debtor.

### Bankruptcy No. 92–20384–172.

United States Bankruptcy Court,
E.D. Missouri, N.D.

April 30, 1993.

**878**

C. David Henderson, Perry, MO, Charles E. Rendlen, Hannibal, MO, for various creditors.

Fredrich J. Cruse, Operating Trustee, Hannibal, MO.

Vicki A. Dempsey, Hannibal, MO, for Operating Trustee.

Arthur Margulis, St. Louis, MO.

Leonard Komen, St. Louis, MO, for petitioning creditors. ·

Gary Sokolik, Perry, MO, for Cannon Water Supply.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The hearing on the Operating Trustee's Emergency Motion To Determine Propriety of Utility Deposit was conducted on April 29, 1993 by means of a telephone conference call. Oral arguments were presented by Counsel for the Trustee, Counsel for the Cannon Water Supply District No. 1 of Ralls, Monroe and Marion Counties, Missouri (the "Water District"), and Counsel for the Official Creditors' Committee. On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. This is the final order of the Bankruptcy Court in this matter.

The Order For Relief was entered in this matter as of November 24, 1992, after the allegations in the Involuntary Petition were not controverted.

The Trustee has requested that in lieu of a cash deposit, the Water District's post-petition bills be treated as an administrative expense pursuant to 11 U.S.C. § 503(b)(1). In exchange for reinstating water service, the Water District has requested a cash deposit in the amount of $8,000.00, which represents approximately two times the highest month's bills based on the peak usage months.

■ Generally, if the unrebutted facts establish that a debtor's estate is very likely to have unencumbered assets available to pay administrative claims in full at the effective date of the plan, the grant of a "super-priority" administrative expense claim may be authorized as the deposit or security required by 11 U.S.C. § 366 to provide adequate assurance of payment for post-petition utility service. *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D.Pa.1987). Such unrebutted facts have not yet been established in this case.

The Debtor/Partnership's business that is being operated by the Trustee is a recreational area that includes a water slide and overnight accommodations at the Mark Twain Lake, west of Hannibal, Missouri. The Trustee has announced that if operating funds can be obtained so that the park can be opened by Memorial Day, the possibility of reorganization will be greatly enhanced. A request to enter a Final Order authorizing post-petition financing pursuant to 11 U.S.C. § 364(d) is to be considered during a telephone conference hearing on May 4, 1993 after notice is given to creditors.

The Trustee's attempts to obtain post-petition financing have been hampered by the uncertainty that has resulted from the inter-relationships between several affiliated partnerships and this Debtor. All of these entities appear to be owned or controlled by a single person who is believed to be the Individual General Partner of the Debtor's Limited Partnership General Partner. During an examination conducted pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure ("FRBP"), this individual, as the person designated to perform

the duties of the Debtor in this case, invoked his privilege against self-incrimination in response to the Trustee's questions.

 In the circumstances presented here, adequate assurance of payment for the provision of these utility services will be provided only upon the payment of a reasonable cash deposit.

Although the Debtor's business is capable of year-round operation, its most intense activity occurs during the summer months. The Operating Trustee anticipates using the services of the Water District during the summer season of 1993, beginning in about four weeks. Therefore, the reasonable deposit required here will be based upon the Debtor's average monthly water bill for the summer months of July through September, rather than the average monthly bill for a calendar year. Based on the information provided during this hearing, the Court has determined that such a reasonable amount is $3,345.00. Therefore,

**IT IS ORDERED** that this expedited hearing is concluded; and that the Trustee's Motion is granted in part in that:

1) The Operating Trustee's request to authorize the grant of an administrative expense priority in lieu of a cash deposit to provide adequate assurance of payment under Section 366 in this matter is denied; and

2) That as soon as possible, the Operating Trustee is to pay to the Cannon Water Supply District No. 1 of Ralls, Monroe and Marion Counties, the amount of $3,345.00 as a deposit to provide adequate assurance of payment for services to be provided to the Debtor; and that the Water District is to immediately begin making such mechanical connections and taking such other activities as are reasonably necessary to ensure that the Debtor's business has adequate water supplies when requested by the Operating Trustee; and

3) That, at its discretion, the Cannon Water District may submit bills for the services provided as a result of this Order, and the Debtor is to promptly pay such bills, two times each month rather than monthly; and

4) That the request of the Water District to stop supplying water to the Debtor upon non-payment without further order of the Court is denied; and that should a default occur, the Water District is to give notice of such default to the Operating Trustee, the Debtor, the United States Trustee, the Creditors' Committee and the Court; and that if the default is not cured within ten (10) days after such notice is given, the Water District may contact the Court and request the immediate entry of an appropriate order.